## CRAWFORD VS. FULLER & McKIBBEN.

MISJOINDER OF ACTIONS: *Waiver of.*
Under the Code of Practice, objections for misjoinder of causes of action are to be considered as waived, unless a motion is made to strike out the causes of action improperly joined.

APPEAL from *Sebastian* Circuit Court.
Hon. E. D. HAM, Circuit Judge.
*Walker & Rogers,* for appellant.

GREGG, J. In September, 1868, Fuller & McKibben commenced their action at law in the Sebastian circuit court against Crawford, upon an open policy of insurance.

In January, 1869, Crawford appeared and filed a demurrer to the declaration — the demurrer was sustained and the appellees filed an amended declaration, and the appellant filed a demurrer thereto; first, because the special counts do not show facts sufficient to constitute a cause of action. Second, because there is a misjoinder of action, because the special counts are in case and the general counts in assumpsit.

In the special counts, in the amended declaration, Fuller & McKibben set up that Crawford represented himself as agent of the Home Insurance Co., of New York; that they, ac-

cording to the custom of merchants, took an open policy of insurance and insured with Crawford, as such agent, 109 bales of cotton, worth $10,000, to be shipped on the Heisper, from the port of Fort Smith to that of Cincinnati; that such shipment was made, and, without fault of the captain or crew, the boat struck a snag and the cotton was entirely lost. And they averred that Crawford had no authority to act as such agent, and that he, by his agreement and the receipt of two hundred and seventy-five dollars, which they paid him as a premium on such insurance, became liable to them in said sum of ten thousand dollars, etc. The other counts were the ordinary ones in assumpsit for money had, etc.

The court overruled the demurrer, and the appellant rested. At the October term, 1870, the parties both appeared, a jury was impaneled, and they found for the appellees seven thousand three hundred dollars damages, for which judgment was rendered against appellant; and in December, 1871, an appeal was granted by the clerk of this court.

The only question before this court is the ruling of the court below upon the demurrer.

At the time this action was brought, the code of civil practice had so far gone into effect that parties were authorized to proceed under it, or according to the former practice, and we cannot consider the lower courts in error if their judgments can be sustained under either practice.

Section 103 of the civil code provides that the court, on motion of the defendant, shall strike out any cause or causes of action improperly joined with others; and section 104 provides that objections for misjoinder shall be considered as waived unless made by motion to strike out; and section 106 abolishes the forms of actions.

The original special counts were defective, because Fuller & McKibben did not sufficiently aver the making of the poli-

cy of insurance. In the amended declaration they aver they were partners, doing business as merchants, etc., and that by the custom of merchants, they caused to be made an open policy of insurance, etc., wherein was insured, etc., to be shipped on the Heisper, etc., from, etc., to etc., and against the perils of navigation, etc., said policy being an open policy and by the custom of merchants was in the following words, etc., setting out the certificate of application to the Home Insurance Co., of New York, etc., specifying the freight, its value, the port of reception, its destination, etc., and the same was entered on Crawford's policy book and signed by him, and made up, as by his contract, dated Evansville, Ind., Sept. 4, 1867, and they refer to an open policy.

We are of opinion this policy (notwithstanding the declaration covers sixteen pages of closely written legal cap) is not described with commendable accuracy. Yet we hold the averments were substantially good under the present practice, and that which existed when this suit was brought.

The counsel, in their brief, say a *nolle prosequi* having been entered to the common counts, the declaration is without a breach. Upon inspection of the record, we find no such *nolle prosequi*, and we consider the general breach sufficient.

The judgment of the court below is affirmed.